IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SCHWARZ PHARMA, INC.,
SRZ PROPERTIES, INC.,
ELAN CORPORATION PLC
and ELAN DRUG DELIVERY, INC.,

    Plaintiffs,

v.     //     CIVIL ACTION NO. 1:06CV133
                    (Judge Keeley)

MYLAN PHARMACEUTICALS, INC.

    Defendant .

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT'S MOTION TO DISMISS

Before the Court is the defendant, Mylan Pharmaceuticals, Inc.'s ("Mylan's"), motion to dismiss. In this patent infringement action brought by the plaintiffs, Schwarz Pharma, Inc. and SRZ Properties, Inc. ("Schwarz" plaintiffs), and the involuntary plaintiffs, Elan Corporation PLC and Elan Drug Delivery, Inc. ("Elan" plaintiffs), Mylan moves for the dismissal of the plaintiffs' complaint for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1), failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6), and improper joinder of Elan under Fed.R.Civ.P. 19(a). For the reasons that follow, the Court **DENIES** the motion.

### I. Background

In this case, Schwarz alleges that, pursuant to 35 U.S.C. § 271(e)(2), Mylan infringed one or more claims of U.S. Patent No. 4,863,742 (the "'742" patent) when it submitted its Abbreviated New Drug Application ("ANDA") No. 78-306 to the United States Food and

**SCHWARZ PHARMA, INC., et al v. MYLAN PHARMACEUTICALS         1:06CV133**

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

Drug Administration ("FDA") under § 505(j) of the Federal Food, Drug, and Cosmetic Act seeking marketing approval for extended release capsules containing 100 mg, 200 mg, and 300 mg verapamil hydrochloride.  35 U.S.C. § 271(e)(2)(A) provides in part that "[i]t shall be an act of infringement to submit – an application under section 505(j) of the Federal Food, Drug, and Cosmetic Act . . . for a drug claimed in a patent or the use of which is claimed in a patent."  The plaintiffs seek to enjoin Mylan from producing the products covered by the patent before the expiration of that patent.[1]

Elan, an Irish corporation[2] that owns the '742 patent at issue in this case, is the patentee.  Schwarz Pharma, Inc. is the exclusive licensee of that patent.  Prior to the initiation of this action, on September 24, 1997, Elan brought an infringement action against Mylan in the United States District Court for the Western District of Pennsylvania[3], alleging that Mylan infringed claim 37 of the '742 patent through Mylan's filing of ANDA No. 75-138.  That

---

[1] The Court notes that the entry of its Order denying Mylan's motion to dismiss comes after the '742 patent was scheduled to expire (June 19, 2007).

[2] Elan Corporation PLC is an Irish corporation.  Elan Drug Delivery, Inc. is a Delaware corporation.

[3] <u>American Cyanamid Company and Elan Corporation, PLC v. Mylan Pharmaceuticals, Inc.</u>

action was resolved when the parties entered a Settlement Agreement on September 3, 1998.  Section 9.3 of that Settlement Agreement contains a forum selection clause which provides that "[i]f any subsequent action for infringement of the '742 Patent is brought by Cyanamid and/or Elan against Mylan, such action shall be brought in the United States District Court for the Western District of Pennsylvania." (Doc. No. 10, Ex. A.)

In its briefs in this case, Mylan originally moved to dismiss the plaintiffs' complaint, *inter alia*, to enforce the forum selection clause in the 1998 Settlement Agreement between Mylan and Elan.  In part it argued that, under Federal Rule of Civil Procedure 12(b)(1), this Court was powerless to act because the forum selection clause in the 1998 Settlement Agreement provided that claims between at least some of the parties here and involving a specific subject matter, the '742 patent, had to be adjudicated in the district court for the Western District of Pennsylvania. Similarly, because the 1998 Settlement Agreement between Mylan and Elan requires that subsequent suits involving those parties and the '742 patent be brought in the Western District of Pennsylvania, Mylan asserted that, pursuant to Federal Rule of Civil Procedure 12(b)(6), the plaintiffs had failed to state a claim against Mylan in this case and, thus, dismissal was appropriate.

**SCHWARZ PHARMA, INC., et al v. MYLAN PHARMACEUTICALS        1:06CV133**

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

At a hearing conducted on December 18, 2006, however, Mylan withdrew its arguments under F.R.Civ.P. 12(b), after the Court noted that transfer of venue to the Western District of Pennsylvania under 28 U.S.C. § 1404(a) appeared to be a more appropriate remedy than dismissal from the docket. <u>See, e.g.</u>, <u>Stewart Organization, Inc. v. Ricoh Corp.</u>, 487 U.S. 22, 28-32 (1988)(holding that federal law, specifically 28 U.S.C. § 1404(a), governed the district court's decision whether to give effect to a forum selection clause between the parties); <u>Davis Media Group, Inc. v. Best Western International</u>, 302 F.Supp.2d 464, 470 (D.Md. 2004)(citing 15 C. Wright, A. Miller & E. Cooper, <u>Federal Practice and Procedure</u> § 3827 (2d ed. 1986))("[I]n the context of a possible dismissal of the action, the 'usual procedure should be transfer rather than dismissal.'").

Thereafter, Mylan focused on its alternative argument under F.R.Civ.P. 19 that the Elan plaintiffs were improperly joined by the Schwarz plaintiffs and, therefore, as an exclusive licensee only, Schwarz had no standing to sue Mylan and the action should be dismissed.

## II. **F.R.Civ.P. 19**

Pursuant to F.R.Civ.P. 19(a):

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

> A person who is subject to service of process and whose joinder will not deprive the Court of jurisdiction over the subject matter of the action shall be joined as a party in the action . . . . If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff.  If the joined party objects to venue and joinder of that party would render the venue of the action improper, the party shall be dismissed from the action.

Here, Mylan argues that because Elan Corporation PLC is an Irish corporation and a party to the forum selection clause in the 1998 Settlement Agreement with Mylan, it is not subject to service of process and its joinder deprives this Court of subject matter jurisdiction over the '742 patent infringement claims at issue in this case.  Thus, it asserts that Schwartz improperly attempted to join Elan as an involuntary plaintiff under Rule 19(a) and the Elan plaintiffs should be dismissed from this action.  Further, without the Elan plaintiffs, Schwarz cannot proceed because Elan is considered an indispensable party under Rule 19(b) and Schwarz has no standing to bring an infringement suit on its own.

By contrast, Schwarz asserts that Elan is properly joined as an involuntary plaintiff under Rule 19(a) and controlling case law because "[a] patentee that does not voluntarily join an action prosecuted by its exclusive licensee can be joined as a defendant, or, in a proper case, made an involuntary plaintiff if it is not

subject to service of process . . . ." Abbott Labs v. Diamedix Corp., 47 F.3d 1128, 1133 (Fed. Cir. 1995)(citing Fed.R.Civ.P 19(a) and Independent Wireless Tel. Co. v. Radio Corp. of Am. 269 U.S. 459 (1926)).  In 1926, the United States Supreme Court, in Independent Wireless, noted that:

> [T]he owner of a patent, who grants to another the exclusive right to make, use, or vend the invention, . . . holds the title to the patent in trust for such a licensee, to the extent that he must allow the use of his name as plaintiff in any action brought at the instance of the licensee in law or in equity to obtain damages for the injury to his exclusive right by an infringer, or to enjoin infringement of it.

Id. at 469.  Schwarz argues that the holding of Independent Wireless, and that holding's continued validity as evidenced by subsequent Federal Circuit case law, applies squarely to this case.  Accordingly, it argues that it properly joined Elan as an involuntary plaintiff even if Elan is not subject to service of process, and, therefore, Mylan's motion to dismiss on the basis of improper joinder should be denied.  The Court agrees.

In Intellectual Property Development, Inc. v. TCI Cablevision of California, Inc. 248 F.3d 1333 (Fed. Cir. 2001), the Federal Circuit affirmed, *inter alia*, a California district court's holding that an exclusive patent licensee, who had been granted less than

-6-

all substantial rights in the subject patent, could properly join the patentee as a party plaintiff in an infringement suit.  In doing so, the court relied heavily on the Supreme Court's decision in Independent Wireless, quoting that case for the proposition that:

> The presence of the owner of the patent as a party is indispensable, not only to give jurisdiction under patent laws, but also in most cases to enable the alleged infringer to respond in one action to all claims of infringement for his act, and thus either to defeat all claims in the one action, or by satisfying one adverse decree to bar all subsequent actions[,]

TCI Cablevision, 248 F.3d at 1347 (quoting Independent Wireless, 269 U.S. at 468).  The Federal Circuit then noted that "[t]he *Independent Wireless* Court recognized an exception to this rule in circumstances where a patent owner refuses, or is unable, to be joined as a co-plaintiff with an exclusive licensee." Id.  "In such cases, 'the licensee may make [the patent owner] a party defendant by process [that is, involuntarily], and he will be lined up by the court in the party character he should assume.'" Id. (quoting Independent Wireless, 269 U.S. at 468).  Finally, the Federal Circuit concluded that "[a]s a general rule, in accordance with *Independent Wireless*, this court adheres to the principle that a patent owner should be joined, either voluntarily or involuntarily,

in any patent infringement suit brought by an exclusive licensee having fewer than all substantial patent rights." Id. (citations omitted).

Moreover, in Abbot Labs, the Federal Circuit held that when "[a] patentee that does not voluntarily join an action prosecuted by its exclusive licensee can be . . . made an involuntary plaintiff *if it is not subject to service of process*." Abbott Labs, 47 F.3d at 1133(emphasis added).  Thus, Mylan's argument that, because Elan is not subject to service of process in this case, Schwarz cannot properly join it under Rule 19(a), is directly at odds with the holdings in Independent Wireless and its progeny. Accordingly, the Court finds that Schwarz, as exclusive licensee of the '742 patent, properly joined Elan, as patentee, as an involuntary plaintiff to this action.[4]

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Mylan's motion to dismiss (doc. no. 9), and **ORDERS** the parties each to submit a report within fifteen (15) days of the entry of this Order outlining their understanding of the status of this case.

---

[4] Because the Court finds that joinder of Elan was proper under Fed.R.Civ.P. 19(a), it need not address Mylan's argument under Rule 19(b) that, because Elan is an indispensable party, Schwarz's claims cannot proceed without it, nor Mylan's argument that Schwartz does not have standing to proceed without Elan.

**SCHWARZ PHARMA, INC., et al v. MYLAN PHARMACEUTICALS       1:06CV133**

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record.

DATED: August 9, 2007.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE